# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

CAROLYN SIMPSON, NICHOLAS
SIMPSON, and CHRISTIAN SIMPSON                                          PLAINTIFFS

v.                      Case No. 4:19-cv-00501-KGB

EUGENE HUNT, CHRISTINE
HOPKINS, and GINA SANDERS-DAVIS                                         DEFENDANTS

## ORDER

Plaintiffs Carolyn Simpson, Nicholas Simpson, and Christian Simpson initiated this case by filing a complaint against defendants Eugene Hunt, Christine Hopkins, and Gina Sanders-Davis (Dkt. No. 2). On January 27, 2020, this Court entered an Order directing plaintiffs to file an amended complaint that complies with the conditions set forth in that Order (Dkt. No. 3). Specifically, the Court directed plaintiffs to submit an amended complaint containing the original signature of each plaintiff (*Id.*, at 2). The Court further ordered plaintiffs to submit an amended complaint that (1) presents sufficient facts to state a claim upon which relief may be granted; (2) shows that the cause of action is based upon a question of federal law; and (3) provides contact information for each defendant (*Id.*, at 4). The Court noted that failure to comply with the Court's Order could result in the dismissal without prejudice of this lawsuit (*Id.*).

On February 21, 2020, plaintiffs filed an amended complaint (Dkt. No. 8). Plaintiffs appear to accuse defendants of extortion and organized crime (*Id.*, at 3). Plaintiffs further allege that they were terrorized, threatened, shamed, and humiliated (*Id.*, at 4). Plaintiffs further allege witness corruption spanning from 1986 to 2009, government corruption, and tampering with DNA and Social Security (*Id.*, at 5–10). Plaintiffs claim that they will present evidence without a shadow of

a doubt through their testimony and request a court date and hearing with a federal judge and recorder (*Id.*, at 3). Plaintiffs' amended complaint is not signed.

As the Court explained previously, the Court must screen plaintiffs' amended complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). On review of plaintiffs' amended complaint, plaintiffs have not complied with this Court's January 27, 2020, Order. Plaintiffs' amended complaint does not present sufficient facts to state a claim upon which relief may be granted. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). Even if plaintiffs did state a claim, it is not clear to the Court whether any claims would be based upon a question of federal law. Plaintiffs have therefore failed to establish that this Court has subject matter jurisdiction over their claims. *See Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006) ("A plaintiff has the burden of establishing subject matter jurisdiction[.]" (citing *Hokel v. Plumbing Planning Corp.*, 20 F.3d 839, 840 (8th Cir. 1994))). Finally, plaintiffs have not provided contact information for any defendant and have not signed the amended complaint, as the Court required in its January 27, 2020, Order.

Accordingly, the Court dismisses without prejudice plaintiffs' amended complaint (Dkt. No. 8). The Court denies the requested relief.

It is so ordered this 2nd day of July, 2021.

_____
Kristine G. Baker
United States District Judge